# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

VELMON BRASWELL,
    *Plaintiff*,

v.

BUJNICKI, *et al.*,
    *Defendants*.

No. 3:16-cv-01431 (JAM)

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Velmon Braswell has filed this lawsuit against numerous officials of the Connecticut Department of Correction arising from his alleged mistreatment by correctional officials in 2016. He has now moved to compel discovery responses in this case. I will largely deny plaintiff's motion to compel.

Rule 26 of the Federal Rules of Civil Procedure sets forth the proper scope of discovery. Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance and proportionality involve consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ibid.* Even when a request seeks relevant matter, the Court may limit such discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiff first argues that defendants' objections to his requests were not timely. The record, however, shows that defendants received plaintiff's requests on October 28, 2017, and

1

mailed their responses on November 24, 2017. Doc. #111 at 2, 4. Defendants' objections were timely asserted within the 30 days permitted under the federal rules. *See* Fed. R. Civ. P. 34(b)(2)(A).

Plaintiff seeks responses to eight discovery requests. Doc. #108 at 14-16. The first three requests seek various information regarding trips plaintiff made to the Stamford state courthouse between May 25, 2016, and November 27, 2016. Doc. #108 at 14. Defendants object on the ground that these requests are overbroad, vague, and constitute a fishing expedition. They argue that the operative complaint in this case relates to incidents that occurred on specific dates. Defendants state that if plaintiff were to revise his request to reference only the dates of the incidents in the complaint, they will provide the required information. Doc. #111-2 at 2-3. In his motion, plaintiff argues only that evidence of prior incidents of abuse by the defendants is relevant to his claims that the defendants abused him and that the supervisory defendants were aware of this conduct.

The amended complaint includes only one incident regarding a court trip: retaliation and use of excessive force prior to a court trip on November 18, 2016. Doc. #106 at 8. Because plaintiff does not allege facts suggesting that his constitutional rights were violated on any other court trip, the Court cannot discern how a list of other trips or the persons involved in transport or recording of those trips would lead to the discovery of admissible evidence. Plaintiff's motion to compel is denied as to requests 1-3 except to the extent that it requests such information for the court trip of November 18, 2016.

In the fourth request, plaintiff seeks information regarding all dates and times that he went to the prison hospital to be transported to the University of Connecticut Health Center and the names of the transporting officers. Doc. #108 at 15. The defendants again object on the

2

grounds that the request is overbroad and vague. A review of the amended complaint shows that plaintiff alleges in Count Two that he was taken to the prison medical unit in a wheelchair. Doc. #106 at 5 (¶ 41). He does not allege that he was taken to the University of Connecticut Health Center in connection with any incident underlying the amended complaint. The Court cannot discern why this request will lead to the discovery of relevant evidence that is proportional to the discovery needs of this case. Plaintiff's motion to compel is denied as to the fourth request.

The fifth request seeks copies of statements of two nurses regarding the incident of June 13, 2016. Doc. #108 at 15. Defendants object to this request as repetitive. Copies of the statements were included in the incident report of June 13, 2016, that defendants provided to plaintiff in response to his first set of interrogatories and discovery requests. Doc. #111-2 at 3. Plaintiff does not dispute that he received the incident report. Because plaintiff's request is needlessly duplicative, the motion to compel is denied as moot with regard to the fifth request.

The sixth and seventh requests seek Department of Correction policies regarding "staff 'separation' from prisoners" and treatment of pretrial detainees with medical or mental health issues. The final request seeks "any and all training that the or policie(s) on prisoner(s) right(s) that the dept of correction(s) train the defendant(s) on if not why not? [sic]" Doc. #108 at 15 (quotation marks omitted). Defendants object to all three requests on the ground that plaintiff has equal access to the Department of Correction Administrative Directives where the information is contained. Plaintiff does not dispute his access to the directives. Therefore, the motion to compel is denied as to requests six, seven, and eight.

CONCLUSION

Plaintiff's Motion to Compel (Doc. #108) is DENIED in large part and GRANTED in part solely as to the first three requests with respect to the court trip of November 18, 2016.

3

It is so ordered.

Dated at New Haven this 13th day of March 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge